CHAS. BROOKS & Co. v. GENTRY.

[66 South. 812.]

1. APPEAL AND ERROR.  *Judgment reviewable.  Finality of judgment.*
   *Judgment discharging attachment.  Final judgment.  Code 1916,*
   *sections 33-178.*
   Where, in a suit by attachment, the judgment on defendant's plea
   in abatement, adjudged that the attachment was wrongfully sued
   out and assessed damages against plaintiff, this was a "final
   judgment" appealable under Code 1906, section 33, authorizing
   appeals from final judgments of the circuit court in civil cases,
   especially in view of section 178, providing that if plaintiff,
   within ten days after the expiration of the term at which judg-
   ment is rendered, discharging an attachment, shall perfect an
   appeal from such judgment, the attachment shall not be dis-
   charged, nor property released therefrom by such judgment, but
   that such appeal shall preserve the attachment in full force to
   await the result of the appeal.

2. SAME.
   In such case, the failure to take the appeal within ten days after
   the adjournment of the term, does not affect the right of appeal,
   since while the attachment cannot be reinstated, the award of
   damage can be reviewed.

APPEAL from the circuit court of Leflore county.

HON. MONROE McCLURG, Judge.

Suit by Chas. Brooks & Company, against L. W. Gen-
try.  From a judgment for defendant, plaintiff appeals.

*Gardner & Whittington,* for the motion.

*M. B. Grace,* for opposed.

SMITH, C. J., delivered the opinion of the court.

Appellant instituted this suit by attachment in the
court below.  Appellee filed a plea in abatement, and the
cause was submitted to a jury, which returned the fol-
lowing verdict:

"We, the jury, find that the attachment was wrongfully sued out, and assess defendant's damages for attorney's fees at forty dollars."

Thereupon the judgment was entered discharging the attachment and that appellee recover of appellant the sum of forty dollars. The cause did not then proceed to judgment on the merits; that is, to the adjudication of appellee's liability on the debts sued on. Afterwards, but more than ten days after the end of the term of court at which this judgment was rendered, appellant filed its appeal bond with the clerk of the court below and prayed an appeal to this court. The cause now comes on to be heard on a motion filed by appellee requesting that the appeal be dismissed.

One of the grounds of this motion, as set forth therein, is that:

An "appeal cannot be prosecuted from a judgment in favor of defendant on the plea in abatement where there is neither a dismissal by plaintiff nor a trial on the merits."

The motion contains six other grounds, all of which, however, are simply restatements in different language of the one herein set out. There is no merit in this contention. Such a judgment is final, and can be appealed from under section 33 of the Code. That the statute contemplates such an appeal is made clear by section 178 of the Code, which provides that:

"If the plaintiff, within ten days after the expiration of the term of the court at which judgment is rendered discharging his attachment, shall perfect an appeal from such judgment, the attachment shall not be discharged, nor garnishees nor property released therefrom, by such judgment; but such appeal shall preserve the attachment in full force, to await the result of the appeal."

Since this appeal was taken more than ten days after the adjournment of the term of court at which the judgment appealed from was rendered, the attachment can-

not be reinstated, even though this court should be of the opinion that there was error therein.  This judgment, however, did more than discharge the attachment, for it awarded damages against appellant, and he has the right to have this court review the action of the court below in so doing.

*Motion overruled.*